UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 :
GOLD MEDAL PRODUCE, INC.,             :
                             Plaintiff,     :          19 Civ. 4043 (LGS)
                                         :
            -against-                       :                 <u>ORDER</u>
                  :
HUNG DUONG, et al.,                     :
                              Defendants.  :
                  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Plaintiff Gold Medal Produce, Inc., a wholesale distributor of fruits and vegetables, filed the instant action against Defendants Hung Duong (d/b/a GA Chinatown and Hing Wong Meat) and Lien ("Linda") Luong (d/b/a GA Chinatown and Hing Wong Meat) to recover payment for unpaid produce, asserting a claim under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq, and a claim for "failure to pay for goods sold." *See* Dkt. No. 2. The at-issue transactions occurred in July and August 2018, when Plaintiff alleges that Defendants placed eleven produce orders worth $51,438.00, of which $44,619.85 remains unpaid after credits.

        WHEREAS, Plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). *See* Dkt. No. 50. A party seeking summary judgment bears the initial burden of explaining the basis for its motion and identifying those portions of the record which it believes "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to produce evidence sufficient to create a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried

its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (internal footnote omitted)).  In adjudicating a motion for summary judgment, a court's responsibility is to determine if there is a genuine issue to be tried, and not to resolve disputed issues of fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A court must "view the evidence in the light most favorable to the party opposing summary judgment, draw all reasonable inferences in favor of that party, and eschew credibility assessments."  *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 541 (2d Cir. 2019).

WHEREAS, no jury demand was made, and per the Amended Case Management Plan, the case is not to be tried by a jury.  *See* Dkt. No. 40.  The factual record before the Court consists primarily of sworn affidavits of the parties (William Taubenfeld, an officer of Gold Medal, and Defendants Hung Duong and Linda Luong), copies of invoices, and receipts.  Defendants declined to stipulate to a summary bench trial on the summary judgment record.  *See* Dkt. No. 64.  It is hereby

**ORDERED** that Plaintiff's motion for summary judgment is DENIED, because genuine issues of material fact remain, including whether Defendants qualify as "dealers" under PACA and whether Plaintiff properly preserved its trust rights.

PACA was enacted to regulate the sale and marketing of perishable agricultural commodities in interstate commerce.  *See Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2d Cir. 2007).  Among other things, PACA requires the licensing of all entities qualifying as commission merchants, dealers, or brokers.  *See* 7 U.S.C. § 499c(a).  PACA also provides growers and sellers of produce with "a self-help tool enabling them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables."  *Coosemans Specialties, Inc.*, 485 F.3d at 705.

Specifically, PACA establishes a floating trust over proceeds from the sale of produce received by a "merchant, dealer, or broker," which must be held "for the benefit of all unpaid suppliers or sellers," who sold the produce to the purchaser, until full payment has been made to the sellers.  *See* 7 U.S.C. § 499e(c)(2); *accord A & J Produce Corp. v. Borough Park Food Mart LLC*, No. 17 Civ. 2337, 2018 WL 566458, at *2 (S.D.N.Y. Jan. 25, 2018).[1]  To recover, a plaintiff must demonstrate, among other elements, that "the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker" and that "the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law."  *A & J Produce Corp.*, 2018 WL 566458 at *2.

Plaintiff has not adduced sufficient evidence such that a reasonable factfinder would be required to conclude that Defendants meet the PACA definition of a "dealer."  The term "dealer" "means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6).  "Wholesale or jobbing quantities" are "*aggregate quantities* of all types of produce totaling one ton (2,000 pounds) or more in weight *in any day* shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x) (emphasis added).  Plaintiff's sworn statement of its officer William Taubenfeld ("Taubenfeld") that Defendants

---

[1] The relevant provision states in full:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, *shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment* of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2) (emphasis added).

purchased "significant quantities" of produce from Plaintiff is insufficient to satisfy Plaintiff's burden on this issue. Similarly, the invoices do not conclusively show that Defendants dealt in "wholesale or jobbing quantities." Plaintiff also did not provide any evidence that Defendants held a PACA license, as all dealers are required to do. Defendants, however, are incorrect that there is no evidence bearing on this and other elements of the PACA claim.

Plaintiff's reply affidavit of William Taubenfeld addresses this issue stating, "[p]ersons and entities become subject to PACA when they buy or sell more than 2000 pounds of produce in a day, or if their annual sales volume in agricultural commodities exceeds $230,000." This is incorrect. To be a "dealer" subject to PACA, a person or entity must satisfy the "wholesale or jobbing" quantity requirement, *and* -- if they sell solely at retail -- must have $230,000 in annual sales. The statute in relevant part provides: "[N]o person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000." 7 U.S.C. § 499a(b)(6). Here, the evidence neither conclusively shows that Defendants dealt in "wholesale or jobbing" quantities, nor that Defendants purchased the produce "solely for sale at retail." Accordingly, the $230,000 threshold -- and Taubenfeld's assertion that in 2017 Defendants purchased $494,645.60 worth of perishable agricultural commodities -- is not relevant.[2]

---

[2] Whether Plaintiff has sold agricultural products to a "commission merchant, dealer, or broker" also bears on this Court's subject matter jurisdiction. *See, e.g.*, *Abraham Produce Corp. v. MBS Bros. Inc.*, No. 19 Civ. 2638, 2020 WL 1329362, at *4 (E.D.N.Y. Mar. 23, 2020) ("[S]ince PACA only imposes liability upon commission merchants, dealers, and brokers, and since [the defendant] is none of the prior, this Court lacks subject matter jurisdiction over Plaintiff's claims against [the defendants]"). But where evidence on a jurisdictional issue overlaps with evidence on the merits, a district court may "proceed to trial and make its jurisdictional ruling at the close of the evidence." *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006); *accord Garcia v. Four Bros. Pizza, Inc.*, No. 13 Civ. 1505, 2014 WL 2211958, at *3 (S.D.N.Y. May 23, 2014); *see also Land v. Dollar*, 330 U.S. 731, 739 (1947) ("[T]he District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits.").

Defendants have also demonstrated that there are genuine issues of material fact as to whether Plaintiff preserved its trust rights by giving written notice to the purchaser within the time provided by the law.  *See id.* § 499e(c)(3)-(4) (providing methods by which an unpaid supplier, seller, or agent may timely preserve the benefits of the trust).  Plaintiff generally argues that Defendants' affidavits should be disregarded because they contain "inconsistencies and improbabilities."  *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005).  However, the affidavits are not so replete with inconsistencies to warrant the rejection of all their contents.  Certain statements are not plainly incredible, like Defendant Duong's statement that the invoices do not look like the typical documents he received when he purchased produce from Plaintiff.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Accordingly, Plaintiff's motion for summary judgment is DENIED.  A bench trial scheduling order will issue separately.

The Clerk of Court is respectfully directed to close Dkt. No. 50.

Dated: December 10, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

5